DANIEL G. SHUM, ESQ. Town Attorney, Ogden
We acknowledge receipt of your letter inquiring as to the office of receiver of taxes and assessments in the Town of Ogden in Monroe County. From the letter and from telephone conversations with you, it appears that the Town of Ogden became a town of the first class and a suburban town on January 1, 1967, pursuant to the authority contained in Town Law § 50-a, subdivision 1, paragraph b, after a special population census had been taken in order to qualify, the Town of Ogden to act.
You state in your letter that investigation discloses no action by the town board to make the office of receiver of taxes and assessments an appointive office, from which you conclude that no such action has been taken, and yet, commencing in January of 1967, that office has been filled by appointment, the appointee in each case having been the town clerk and the term of each appointment having been one year.
You request our opinion as to whether the Town of Ogden may now take local action to make the office appointive.
Town Law § 10 provides that towns be either towns of the first class or towns of the second class. Town Law § 20, subdivision 1, provides, in paragraph a, that in a town of the first class the receiver of taxes and assessments, amongst other officers, is an elective officer. The provisions of Town Law § 20, subdivision 6 formerly
provided, in paragraph (e), that the elective office of receiver of taxes and assessments could be changed to an appointive office by resolution subject to a permissive referendum, and paragraph (f) provided that in any town in which the appointive office of receiver of taxes and assessments existed, the office could be changed to an elective office by the same process. Chapter 302 of the Laws of 1974 repealed Town Law § 20, subdivision 6, paragraphs a, b and e and relettered the former paragraphs c, d and f as paragraphs a, b and c so that now Town Law §20, subdivision 6, paragraph (c) provides that in a town in which the appointive office of receiver of taxes and assessments exists, that office may be changed to an elective office by resolution subject to a permissive referendum and the Town Law no longer contains any specific provision applicable to your town which authorizes the change of that office from elective to appointive.
Under Municipal Home Rule Law § 10, subdivision 1, paragraph (ii), subparagraph a, clause (1), a town may adopt a local law changing "The * * * mode of selection * * * of its officers * * *", unless it would be inconsistent with the provisions of the Constitution or any general law.
The term "mode of selection" of an officer was interpreted by the Court of Appeals in Bareham v. City of Rochester, 246 N.Y. 140 (1927), at page 146, as follows:
 "* * * The term `mode of selection' expresses an intent to allow a city to determine not only that it shall cause its officers either to be elected or appointed but connotes also that a municipality may define the precise method by which either an election or appointment shall be effected. * * *"
There are several towns in the state in which the office of collector of taxes and assessments was changed from elective to appointive and that office does not exist in towns of the second class. Hence, the provisions of Town Law § 20, subdivision 1, paragraph a are not a state statute which, in terms and in effect, apply alike to all towns, in relation to the office of receiver of taxes and assessments, so that portion of the statute enjoys the character of a special law as defined in Municipal Home Rule Law § 2, subdivision 12.
Municipal Home Rule Law § 23, provides:
 "2. Except as otherwise provided by or under authority of a state statute, a local law shall be subject to mandatory referendum if it:
* * *
 "e. Abolishes an elective office, or changes the method of nominating, electing or removing an elective officer, or changes the term of an elective office, or reduces the salary of an elective officer during his term of office.
* * *" (Emphasis supplied.)
In our opinion, in a town in which the office of receiver of taxes and assessments is elective, that office may now be abolished and the appointive office of receiver of taxes and assessments may be created by local law subject to a mandatory referendum (see, in respect to power to make a similar change in the office of town superintendent of highways, an informal opinion of this office dated November 23, 1976, addressed to William Edward Stanton, a copy of which we enclose herewith for your convenience) but unless this is done before the biennial town election to be conducted as part of the general election this fall, a receiver of taxes and assessments must be elected this fall.
The elective office of receiver of taxes and assessments carries a four-year term of office but a two-year term is provided for the appointive office of such receiver by Town Law § 24.